**Pathmalal Jeyanath SOCKALINGAM, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–0400–AG.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2006.

Visuvanathan Rudrakumaran, New York, New York, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, W. Mark Nebeker, Assistant United States Attorneys, Washington, District of Columbia, for Respondent.

Present: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part, the BIA's decision is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Pathmala Jeyanth Sockalingam, through counsel, petitions for review of the BIA decision denying him asylum. We assume the parties' familiarity with the underlying facts and procedural history.

"Using an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal*, not factual, error," which this Court reviews *de novo*. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (emphasis in original). Here, the BIA improperly held that because Sockalingam had applied for asylum twice in Canada, he "had multiple opportunities to consider the sequence and dates of the events that took place in Sri Lanka and led to his departure, [which] increases the significance of the inconsistencies in the record." To support this conclusion, the BIA pointed to *Secaida–Rosales*, 331 F.3d 297, construing the case to hold that, "in order to determine whether an omission or inconsistency is substantial, the court should

take note of the circumstances surrounding the application process."

However, in referring to *Secaida–Rosales* to support its conclusion, the BIA misconstrued the equitable purpose of the holding in that case. There, this Court held that in measuring whether "an omission is 'substantial,' we take note of the fact that the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant's claim to asylum or withholding, and that holding applicants to such a standard is not only unrealistic but also unfair." *Id.* at 308. The Court's purpose for taking note of the asylum process in *Secaida–Rosales* was to ensure that adjudicators remain cognizant of how difficult it can be for an applicant to present a flawless and complete recitation of his claims.

In no way does *Secaida–Rosales* support the BIA's assertion that practice makes perfect in asylum proceedings. Because the BIA gives no other support for its flawed reasoning that Sockalingam's Canadian applications should increase its scrutiny of his inconsistencies, it erred in finding that the significance of his discrepancies were "magnified by the fact that this is [his] third time to apply for asylum."

This Court has held that it will affirm, despite agency errors, when it "can confidently predict that the [agency] would necessarily reach the same result absent errors." *Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 395 (2d Cir.2005). In *Cao He Lin*, the Court found that remand would not be appropriate "where (1) the adjudicator explicitly rested its conclusion on alternative grounds, one of which is sustainable; (2) the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand; or (3) the evidence so overwhelmingly sup-

ports the [agency's] finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." *Id.*

Here, the BIA relied heavily on its improper adverse credibility determination in denying Sockalingam asylum. Additionally, it offers no proper alternative grounds on which to uphold its decision. Moreover, the evidence in the record does not overwhelmingly support the BIA's finding. Therefore, the exceptions that the Court articulated in *Cao He Lin* do not apply here.

Accordingly, Sockalingam's petition for review is GRANTED in part and DENIED in part, the BIA's decision is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).